UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

NETTI SYDNOR

      Plaintiff,

V                                                          CIVIL ACTION NO.

BERRANG FAMILY MOTORS, LLC

      Defendant.                      JUNE 23, 2009

COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of The Truth In Lending Act, 15 U.S.C. § 1601 *et seq*., and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1001 et seq. and for violation of the Md. Ann. Code <u>Commercial</u> Law Implied Warranty of Merchantability § 2-325 and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq*.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Grasonville, Queen Anne's County, and State of Maryland.

4. Defendant Berrang Family Motors, LLC (Berrang) is a domestic corporation

with a place of business at 3700 Main Street, Grasonville, Maryland 21638.

5.  At all times herein Defendant in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

7. On or about September 18, 2008 Plaintiff entered into a consumer credit transaction with Berrang to buy a car for personal, family or household use.

8. Berrang failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., and the regulations thereunder at or prior to consummation of the transaction.

9. Berrang failed to provide the disclosures pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation.

10. Berrang did not disclose the Annual Percentage Rate (APR).

11. Berrang did not disclose the lien fee.

12. Berrang did not disclose the Finance Charge.

13. Plaintiff has suffered damages.

**SECOND COUNT:**

14. The allegations of paragraph no. 7, of the First Count are repeated as if fully set forth herein.

15. Barrang violated the Odometer Act in that this Defendant failed to issue an odometer statement to the Plaintiff or (B) provided an inaccurate odometer statement to

the plaintiff or (C) that the odometer reading differs from the provided odometer statement.

16 Barrang failed to deliver the title documents at time of sale.

17. Barrang failed to disclose the odometer reading on the proper title documents in violation of 49 C.F.R. §580.5.

18.  Barang has so acted with intent to defraud the Plaintiff.

19. Plaintiff has suffered damages.

**THIRD COUNT:**

20.  The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

21.   Barrang charged Plaintiff government fees, expenses and or taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

21. Barang did not disclose the interest rate in violation of Md. Ann. Code Commercial Law §12-1003 and §12-1005.

22.  Plaintiff has suffered damages.

**FOURTH COUNT:**

23. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

24. Plaintiff was provided an Implied Warranty of Merchantability at the time she purchased the vehicle that is the subject of this action.

25. Plaintiff complained to Berrang at the time of purchase, again when Berrang attempted to repair the braking system to eliminate a shaking of the auto when the driver placed their foot on the brakes and again when Berrang was either unable or unwilling to repair the braking system.

26. Plaintiff complained to Berrang that the air conditioning system was not functioning and Berrang was unable or unwilling to repair the system.

27. Plaintiff has suffered damages.

**FIFTH COUNT:**

28. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

29. Berrang has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to: failing to disclose to Plaintiff accurate financial terms of the transaction.

30. Berrang failed to provide the Plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show Plaintiff the title at time of sale.

31. Berrang failed to provide the Plaintiff with a retail installment contract in the proper form as required by the Truth in Lending Act.

32. Berrang violated the of Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1003 and s 12-1005.

33. Berrang violated the Implied Warranty of Merchantability statute by failing to

repair or replace Plaintiff's braking system and air conditioning system.

34. Plaintiff has suffered damages.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff statutory damages, actual damages, and costs and a reasonable attorney fee on Count I.

2. Award Plaintiff treble damages (3 x actual damages) or $1,500 statutory Damages, whichever is greater, cost and attorney fees on Count II.

3. Award Plaintiff statutory damages on Count III.

4. Award Plaintiff actual damages on Count IV.

5. Award Plaintiff actual damages, statutory damages, costs, and attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count V.

6. Award such other or further relief, as the Court deems just or equitable.

THE PLAINTIFF

BY <u>/S/Bernard T. Kennedy</u>
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com